IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALISON WELSKI, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-00863 |
| | § | |
| | § | |
| THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER, | § | |
|     *Defendant.* | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

COME NOW Defendant The University of Texas Health Science Center at Houston ("Defendant") and Plaintiff Alison Welski ("Plaintiff") (collectively, the "Parties") and file this Joint Rule 26(f) Report. In support thereof, the Parties offer the following:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The Parties conferred via telephone on June 26, 2024. Evan Weltge (for Defendant) and Mark Whitburn (for Plaintiff) attended the conference.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **N/A.**

3. Briefly describe what this case is about.

   **This Americans with Disabilities Act and Rehabilitation Act case arises from Plaintiff's dismissal from a doctoral program at UTHSC's School of Public Health in March 2022. After she matriculated to UTHSC in the fall of 2018, Plaintiff suffered kidney issues, recurrent renal stones, renal infections, deep vein thrombosis throughout Fall 2020, and a heart attack. Plaintiff alleges that her medical condition limited her ability to work and led her to seek accommodations from UTHSC in the form of a laptop equipped with speech-to-text software, extra time to complete her work, and the ability to make up work which she was temporarily unable to complete due to her ongoing health issues. Plaintiff alleges that Defendant's accommodations were inadequate. On March 8, 2022, Plaintiff was dismissed from the School of Public**

>  **Health's doctoral program. Welski now sues Defendant for alleged violations of the ADA and RA.**

4. Specify the allegation of federal jurisdiction.

   **This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 by virtue of claims brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.**

5. Name the parties who disagree and the reasons.

   **As discussed in Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant contends that this Court does not have subject-matter jurisdiction over Plaintiff's claim under the Americans with Disabilities Act. Defendant, however, does not contest that Plaintiff's claims under the ADA and RA amount to a federal question pursuant to 28 U.S.C. § 1331.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None at this time.**

7. List anticipated interventions.

   **None at this time.**

8. Describe class-action issues.

   **N/A.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The Parties have not made initial disclosures at this time. If Plaintiff's claims survive Defendant's pending motion to dismiss, the Parties agree to exchange initial disclosures within fourteen (14) days of the Court's order on Defendant's motion.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       **See attached proposed scheduling order.**

B.        When and to whom the plaintiff anticipates it may send interrogatories.

**The Parties have not engaged in discovery at this time. Plaintiff does not object to a stay in discovery until this Court has the opportunity to rule on Defendant's motion to dismiss. If the Court determines either that such a stay is inadvisable or that Plaintiff's claims survive Defendant's motion to dismiss, Plaintiff will serve interrogatories promptly upon Defendant itself.**

C.        When and to whom the defendant anticipates it may send interrogatories.

**The Parties have not engaged in discovery at this time. If Plaintiff's claims survive Defendant's pending motion to dismiss, Defendant will serve interrogatories on Plaintiff within a reasonable time after the Court's order on Defendant's motion.**

D.        Of whom and by when the plaintiff anticipates taking oral depositions.

**The Parties have not engaged in discovery at this time. Plaintiff does not object to a stay in discovery until this Court has the opportunity to rule on Defendant's motion to dismiss. If the Court determines either that such a stay is inadvisable or that Plaintiff's claims survive Defendant's motion to dismiss, Plaintiff will take depositions of key relevant administrators after receiving responses to other forms of discovery that would allow refinement of issues to be explored in deposition testimony.**

E.        Of whom and by when the defendant anticipates taking oral depositions.

**The Parties have not engaged in discovery at this time. If Plaintiff's claims survive Defendant's pending motion to dismiss, Defendant expects to depose Plaintiff but has not yet identified any other individuals for whom it would seek a deposition.**

F.        When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**See attached proposed scheduling order.**

G.        List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

**The Parties have not engaged in discovery at this time and have not yet identified experts to be deposed.**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**The Parties have not engaged in discovery at this time and have not yet identified experts to be deposed.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **N/A.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **Given Defendant's pending motion to dismiss, the Parties have not engaged in discovery at this time.**

13. State the date the planned discovery can reasonably be completed.

    **See attached proposed scheduling order.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **At this early stage, the Parties do not believe that a prompt settlement or resolution of this case is currently appropriate.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **At this early stage, the Parties do not believe that a prompt settlement or resolution of this case is currently appropriate.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **At this early stage, the Parties believe that alternative dispute resolution is currently premature.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The Parties do not consent to a trial before a magistrate judge in this case.**

18. State whether a jury demand has been made and if it was made on time.

    **At this time, Defendant has filed a motion to dismiss Plaintiff's claims that is currently pending before this Court. Were any of Plaintiff's claims to survive Defendant's motion, Defendant will file an answer to Plaintiff's remaining claims that would contain a jury demand.**

19. Specify the number of hours it will take to present the evidence in this case.

    **36-48 hours (3-4 days).**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **N/A.**

21. List other motions pending.

    **Defendant filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) that is currently pending before this Court.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **N/A.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **Defendant's Counsel:**

    **Evan W. Weltge**
    **State Bar No. 24110523**
    **Assistant Attorney General**
    **General Litigation Division**
    **P.O. Box 12548**
    **Austin, Texas 78711**
    **(512) 463-2120 – Phone**
    **(512) 320-0667 – Fax**

    **Plaintiff's Counsel:**

    **Mark Whitburn**
    **State Bar No. 24042144**
    **Sean Pevsner**
    **State Bar No. 24079130**
    **WHITBURN & PEVSNER, PLLC**
    **2000 E. Lamar Blvd., Suite 600**

**Arlington, Texas 76006**
**Tel: (817) 653-4547**
**Fax: (817) 653-4477**

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Evan W. Weltge*
**EVAN W. WELTGE**
State Bar No. 24110523
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
evan.weltge@oag.texas.gov
***Attorneys for Defendant***

And

**WHITBURN & PEVSNER, PLLC**
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477

By:  */s/ Mark Whitburn*
   Mark Whitburn
   State Bar No. 24042144
   Sean Pevsner
   State Bar No. 24079130
   mwhitburn@whitburnpevsner.com
   ***Attorneys for Plaintiff***

**CERTIFICATE OF CONFERENCE**

On June 26, 2024, the Parties conferred and agreed to the foregoing Joint Rule 26(f) Report.

*/s/ Evan W. Weltge*
**EVAN W. WELTGE**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I certify that on June 26, 2024, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Evan W. Weltge*
**EVAN W. WELTGE**
Assistant Attorney General