IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALISON WELSKI,<br>    *Plaintiff,*<br><br>v.<br><br>THE UNIVERSITY OF TEXAS<br>HEALTH SCIENCE CENTER,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 4:24-CV-00863<br>§<br>§<br>§<br>§ |

**DEFENDANT THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

COMES NOW Defendant, The University of Texas Health Science Center at Houston[1] ("UTHSC"), and files this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, UTHSC respectfully offers the following:

**I.**
**BACKGROUND**

This Americans with Disabilities Act ("ADA") case arises from Plaintiff Alison Welski's ("Welski") dismissal from a doctoral program at UTHSC's School of Public Health in March 2022. UTHSC previously filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) which was granted, in part. Upon the recommendation of Judge Ho, the Court dismissed Plaintiff's Rehabilitation Act claim and allowed Welski to replead her ADA claim. For many of the same reasons previously urged by UTHSC and referenced in UTHSC's Response to Plaintiff's Objections to Magistrate Judge's Memorandum and Recommendations,

---

[1] Welski sued UTHSC under the incorrect name. The official, correct name of UTHSC is The University of Texas Health Science Center at Houston.

Welski's claims continue to fail due to a lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

After Welski matriculated to UTHSC in the fall of 2018, she claims to have suffered "kidney issues so severe that she was hospitalized on several occasions," as well as recurrent renal stones, renal infections, deep vein thrombosis throughout Fall 2020, and ultimately a heart attack. ECF No. 23, ¶¶11, 17. Welski alleges that her medical condition "substantially limited her ability to work" and led her to seek accommodations from UTHSC in the form of a laptop equipped with speech-to-text software, extra time to complete her work, and the ability "to make up work which she was temporarily unable to complete during periods of hospitalization and/or incapacitation." ECF No. 23, ¶11. Welski claims she continued to request accommodations "on various occasions during 2020." ECF No. 23, ¶12. Concerning those accommodations, Welski alleges that a laptop with speech-to-text software was provided but did not function and, therefore, was not an "appropriate accommodation." ECF No. 23, ¶13. Welski also claims that UTHSC's professors "simply refused to believe that she had a . . . disability[.]" *Id.* Due to her physical ailments, Welski was unable to complete several required courses for her doctoral program, and when UTHSC asked that she eventually finish those incomplete courses, Welski claimed UTHSC "demanded the impossible." ECF No. 23, ¶ 17. On March 8, 2022, Welski alleges that UTHSC notified her that she was dismissed from the School of Public Health's doctoral program. *Id.*

On March 7, 2024, Welski filed an Original Complaint against UTHSC. ECF No. 1. In her Original Complaint, Welski asserted ADA and Rehabilitation Act ("RA") claims against UTHSC stemming from her dismissal from UTHSC's School of Public Health on or about March 8, 2022. After the dismissal of Welski's RA claim, Welski filed her First Amended Complaint limiting her claims to violations of Title II of the ADA. ECF No. 23, ¶ 1. While Welski has added some

2

additional facts and allegations, Welski's ADA claim remains barred by sovereign immunity and the applicable statute of limitations. UTHSC now files its Motion to Dismiss Welski's First Amended Complaint.

## II.
## ARGUMENT & AUTHORITIES

**A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

A party may move to dismiss under Federal Rule of Civil Procedure 12(b)(1) when it seeks to challenge the subject-matter jurisdiction of a district court in a case. FED. R. CIV. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The burden of proof for a Rule 12(b)(1) motion is always borne by the party claiming jurisdiction. *Id.* When a party files multiple Rule 12 motions, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.*

Because UTHSC is entitled to sovereign immunity as to Welski's ADA claim, this Court does not have subject-matter jurisdiction over that claim, and it should thus be dismissed without prejudice. *See Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

**1. UTHSC is entitled to sovereign immunity from Welski's ADA claim, which must be dismissed.**

Welski's ADA claim against UTHSC is barred by sovereign immunity and must be dismissed for lack of subject-matter jurisdiction. Governmental entities, such as state agencies, are immune from suit absent a legislative waiver. *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). "Under Texas law, state universities . . . are agencies of the State and enjoy sovereign immunity." *Jackson v. Texas Southern University*, 997 F. Supp. 2d 613, 623 (S.D. Tex. 2014). UTHSC (and the School of Public Health) is a component of the broader University of Texas System and an institution of higher education in Texas. TEX. EDUC. CODE §§ 61.003(5), (8), (10), 65.02(a)(9), 73.001. In federal cases, the Eleventh Amendment recognizes the doctrine of sovereign immunity, in that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI.

"Congress may abrogate state sovereign immunity only where it 'act[s] pursuant to a valid grant of constitutional authority.'" *Baker v. Univ. of Tex. Health Sci. Ctr. Houston*, No. H-08-1908, 2011 WL 1549263, at *3 (S.D. Tex. Apr. 21, 2011) (citing *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). Concerning the ADA, "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original). Thus, state sovereign immunity is abrogated only for conduct that also constitutes a violation of the Constitution. *See Clark v. Livingston*, No. C-08-045, 2008 WL 461344, at *3–4 (S.D. Tex. July 1, 2008) (citing *Georgia*, 546 U.S. at 159). In deciding whether Title II of the ADA is a valid exercise of Congress's authority under Section 5

4

of the Fourteenth Amendment, courts conduct the following three-part analysis "on a claim-by-claim basis":

> (1) which aspects of the State's alleged conduct violated Title II;
>
> (2) to what extent such misconduct also violated the Fourteenth Amendment; and
>
> (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Georgia*, 546 U.S. at 159.

Concerning the first step of the *Georgia* test, Welski's Title II claim is based on her dismissal from UTHSC's doctoral program in the School of Public Health and UTHSC's alleged failure to provide her requested accommodations of a laptop with speech-to-text software, "having [] sufficient time to complete her work in light of her medical conditions, and [] the ability to make up work which she was temporarily unable to complete during periods of hospitalization and/or incapacitation." ECF No. 23, ¶ 11.

The second step is whether such conduct actually violates the Fourteenth Amendment. In Welski's case, it does not. Dismissing a student from a higher education program does not violate the Constitution. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 38–40 (1973) (holding there is no fundamental right to public education); *Golden Glow Tanning Salon, Inc. v. City of Columbus, Mississippi*, 52 F.4th 974, 979 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 1085, 215 L. Ed. 2d 397 (2023) (stating that the Supreme Court does not recognize a fundamental right to work); *Maceluch v. Wysong*, 680 F.2d 1062, 1065 (5th Cir. 1982) (holding "the 'right' to be admitted to a profession, including medicine, is not fundamental per se in the constitutional sense"). Moreover, "[D]isability discrimination is subject to rational basis review, under which there is no constitutional violation so long as 'there is a rational relationship between the disparity

5

of treatment and some legitimate governmental purpose.'" *Hale v. King*, 624 F.3d 178, 184 (5th Cir. 2010) (citing *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001)). "The state need not justify its own actions; rather, 'the burden is upon the challenging party to negate any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id.* In short, Welski's access to a higher education program at UTHSC does not amount to a constitutional right that UTHSC then violated in dismissing her from its program. Moreover, Welski was dismissed from UTHSC's doctoral program because she failed to complete her unfinished courses and failed to register for classes for three consecutive semesters, and the Texas Supreme Court, relying upon United States Supreme Court precedent, has concluded "dismissal from higher education for academic reasons does not deprive a student of a protected liberty interest." *Texas Southern University v. Villareal,* 620 S.W.3d 899, 907-08 (Tex. 2021).

The final step of *Georgia* test requires courts to evaluate whether Congress's purported abrogation of a state's sovereign immunity is nevertheless valid. Once again, "[t]he Fifth Circuit has determined that disability discrimination is subject only to rational-basis review, and that Title II's requirement that states provide disabled individuals access to state programs limits state activity far more than does rational-basis review." *Baker,* 2011 WL 1549263, at *3 (internal quotation marks omitted). Moreover, "a state university may rationally deny a disabled student equal access to certain programs (such as medical residency programs in which patient safety is paramount), even where its reasons fall short of avoiding an undue burden or preventing fundamental alterations to a program." *Id.* at *4. Importantly, "[w]hen judges are asked to review the substance of a genuinely academic decision, . . . they should show great respect for the faculty's professional judgment." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985); *see also Guinn v. Texas Christian Univ.*, 818 S.W.2d 930, 933 (Tex. App.—Fort Worth, 1991, writ denied)

(same); *Sugg v. Midwestern Univ.*, No. 2:20-cv-00274, 2022 WL 19039612, at *11 (S.D. Tex. Dec. 27, 2022) ("[C]ourts do not second-guess . . . academic decisions."); *Lan v. Univ. of Texas at San Antonio*, No. SA-22-CV-00769-FB, 2024 WL 2305215, at *8 (W.D. Tex. May 21, 2024) ("This Court is not suited to second guess the academic decisions of [a student's] professors[.]").

Here, Welski alleges that UTHSC violated Title II of the ADA when it did not bow to her demands for more time than that which she was, in fact, allotted to retake her incomplete courses and when it eventually dismissed her from its doctoral program in the School of Public Health. ECF No. 23, ¶ 17. A "right" to higher education, however, is not a fundamental right, and UTHSC was well within its authority to deny Welski equal access to its doctoral program after she failed to complete a required course curriculum, even with provided accommodations, and failed to register for classes for three consecutive semesters.

Accordingly, Welski's allegations of a "constitutionally protected interest for/to continued enrollment at UT Health" and a "constitutionally protected interest in her graduate education at UT Health" are legally incorrect. Welski's allegations under the ADA simply do not rise to the level of a constitutional violation or implicate a fundamental, constitutional right nor do they indicate any violation of a protected interest under Fourteenth Amendment jurisprudence. Her ADA claim against UTHSC remains barred by sovereign immunity, and this Court lacks subject-matter jurisdiction over that claim.

**B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

A court should grant a 12(b)(6) motion to dismiss if a pleading fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Conclusory allegations will not defeat a Rule 12(b)(6) motion. *Guidry v. Bank of LePlace*, 954 F.2d 278, 281 (5th Cir. 1992); *see also Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) ("a plaintiff must plead specific facts, not mere conclusory allegations"). Additionally, "a court is not bound to accept legal conclusions couched as factual allegations." *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 468 (W.D. Tex. 2011); *Plummer v. University of Houston*, No. 4:14-CV-2959, 2015 WL 12734039, at *7 (S.D. Tex. May 28, 2015) ("[L]egal conclusions masquerading as factual conclusions need not be treated as true.").

Welski's claims should be dismissed under Rule 12(b)(6) because she failed to assert her ADA against UTHSC prior to the expiration of the statute of limitations.

**1. Welski's ADA claim is time-barred.**

Welski's ADA claim against UTHSC is time-barred. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]" 42 U.S.C. § 12131(1)(B). In Texas, a "state agency" includes "a university system or an institution of higher education as defined by Section 61.003, Education Code, other than a public junior college[.]" TEX. GOV'T CODE § 572.002(10)(B). Under Section 65.02(a) of the Texas Education Code, UTHSC is defined as one of the institutions and entities

comprising the University of Texas System and is thus a state agency and public entity under the ADA. TEX. EDUC. CODE § 65.02(a)(9).

"Texas federal courts apply Texas's two-year statute of limitations to claims under Title II of the ADA." *Olivia Bays v. New Braunfels Police Dept., et al.,* SA-23-CV-01566-OLG, 2025 WL 826536, slip op. at *7 (W.D. Tex. Feb. 3, 2025) (citing *Frame v. City of Arlington,* 657 F.3d 215, 237 (5th Cir. 2011)). Further, "a cause of action under Title II accrues when the disabled person knew or should have known she was being denied benefits by a public entity or discriminated against by a public entity." *Id.* Plaintiff's allegations undeniably prove that Welski filed her ADA claim approximately two years too late.

In her First Amended Complaint, Welski alleges that she developed a qualifying disability under the ADA and requested accommodations that went unfulfilled *nearly four years prior* to her filing a lawsuit against UTHSC:

> In fact, partly due to those intense stresses, Plaintiff in the months leading up to the *Fall of 2020* developed kidney issues so severe that she was hospitalized on several occasions, ultimately requiring surgery, and was bedridden for long stretches of time, even when not hospitalized. Specifically, Plaintiff had recurrent renal stones, renal infections, deep vein thrombosis, and related conditions. She was unable to type sufficiently to complete her work for the UT Health program*, so she requested the accommodation of a laptop equipped with speech-to-text software* so that she could continue her work effectively. Plaintiff's medical conditions substantially limited her ability to work and to learn without this accommodation and without *the other requested accommodation of having (a) sufficient time to complete her work in light of her medical conditions, and (b) the ability to make up work which she was temporarily unable to complete during periods of hospitalization and/or incapacitation*.
>
> . . .
>
> Plaintiff continued to request the above-referenced accommodations with the support of this documentation from her treating physicians *on various occasions during 2020*.

> However, the leadership team at the UT Health program took on a highly obstructionist approach *throughout this time period*, despite Plaintiff's demonstrated disability.

ECF No. 23, ¶¶11, 12, 13 (emphasis added).

Pursuant to her own allegations, Welski claimed that she made accommodation requests to the UTHSC administration for her "demonstrated disability" in the "Fall of 2020" that either went unheeded or were responded to inadequately (per Welski's standards) "throughout this time period"—i.e., the fall of 2020. As a matter of law, Welski's alleged injury under the ADA accrued at that time, as Welski claimed (or impliedly admitted) in her own complaint that she knew or had reason to know of the injury which is the basis of her action now before this Court. *See Burns*, 139 F.3d at 518. Because Welski's injury accrued in Fall 2020, she was required to sue UTHSC by Fall 2022 and cannot now bring her claims under the ADA almost four years after she conceded her injury accrued. Accordingly, Welski's claims are time-barred and should be dismissed with prejudice.

Accordingly, as a matter of law, Welski failed to bring suit within the applicable limitations period, and her ADA claims against UTHSC must be dismissed.

## III.
## CONCLUSION

For the foregoing reasons, The University of Texas Health Science Center at Houston prays that this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and dismiss Welski's claims against it with prejudice.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ William H. Farrell*
**WILLIAM H. FARRELL**
Attorney-In-Charge
Texas Bar No. 00796531
Southern ID No. 21733
Assistant Attorney General
General Litigation Division

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-2650| FAX: (512) 320-0667
biff.farrell@oag.texas.gov

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I certify that that on April 1, 2025, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

Mark Whitburn                   *Via E-Mail:* **mwhitburn@whitburnpevsner.com**
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
***Counsel for Plaintiff***

                                  /s/ William H. Farrell
                                  **WILLIAM H. FARRELL**
                                  Assistant Attorney General